IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| REBECCA Y. MCINTOSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cv-470-RAH-JTA |
| | ) | |
| CAMRON RAGLAND, THOMAS | ) | (WO) |
| PRICE, MARK ODOM, MIZELL | ) | |
| MEMORIAL HOSPITAL, INC.,[1] and | ) | |
| JAMES NORMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Before the court are the following motions: Defendant James Norman's Motion to Dismiss (Doc. No. 10), Defendant Mizell Memorial Hospital, Inc.'s Motion to Dismiss (Doc. No. 13), *pro se* Plaintiff Rebecca Y. McIntosh's Response to Show Cause Order (Doc. No 18), which the court CONSTRUES as containing a motion to amend the Complaint, and Plaintiff's Opposition to Dismissal re: Cameron Ragland (Doc. No. 19), which the court CONSTRUES as containing another motion to amend the Complaint.

For the reasons stated below, the undersigned will order that Plaintiff's motions to amend (Docs. No. 18, 19) be GRANTED, and will order Plaintiff to file an amended complaint. Further, the undersigned will recommend that Defendant James Norman's

---

[1] In her Complaint, Plaintiff incorrectly named this Defendant "Opp Mizell Mem Hosp." (Doc. No. 1 at 1; Doc. No. 13 at 1.) The undersigned will direct the Clerk of the Court to correct this Defendant's name on the docket sheet to reflect that its correct name is Mizell Memorial Hospital, Inc.

1

Motion to Dismiss (Doc. No. 10) and Defendant Mizell Memorial Hospital, Inc.'s Motion to Dismiss (Doc. No. 13) be denied without prejudice to raise the arguments therein in opposition to an amended complaint.

## I.      JURISDICTION

Plaintiff's complaint is properly construed as containing claims pursuant to 42 U.S.C. § 1983 alleging violations of her First Amendment right to freedom of speech and of her Fourteenth Amendment due process rights to be free from excessive force, false arrest, and deliberate indifference to serious medical needs. Pursuant to 28 U.S.C. § 1331, the court exercises federal question subject matter jurisdiction over Plaintiff's § 1983 claims. In addition, Plaintiff brings state law claims for medical malpractice. The court has jurisdiction over Plaintiff's state law claims pursuant to either 28 U.S.C. § 1332 or 28 U.S.C. § 1367(a).[2]

Pursuant to 28 U.S.C. § 636, this action has been referred to the undersigned "for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 4.)

## II.      STANDARD OF REVIEW

A.      Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

When evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must take the facts alleged in the complaint as true and

---

[2] The parties appear likely to be completely diverse, but the allegations in the Complaint do not definitively establish whether Plaintiff seeks damages in excess of $75,000 as would be required for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(a).

construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Because it is not drafted by an attorney, the complaint of a *pro se* plaintiff must be liberally construed. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft*, 556 U.S. at 678, and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) ("While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." (internal citations and quotation marks omitted)). The complaint's factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson*, 551 U.S. at 93 (applying *Twombly* to a *pro se*

complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678; *see also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Moreover, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. CIV.A. 2:10CV826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)), *report and recommendation adopted*, No. 2:10CV826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011).

Generally, prior to dismissal of a *pro se* complaint for failure to state a claim upon which relief can be granted, the plaintiff must be afforded "at least one" opportunity to amend the complaint if (1) the plaintiff does not clearly indicate a lack of desire to amend and (2) a more carefully drafted amended complaint might, with more specific allegations against the proper defendant, state a claim upon which relief could be granted. *Woldeab v. Dekalb Cnty. Bd. of Educ*., 885 F.3d 1289, 1291 (11th Cir. 2018) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp*., 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank* only as to plaintiffs who are represented by attorneys). "In some situations, further leniency – or 'an extra dose of grace' – may be warranted 'in recognition of the difficulty in proceeding *pro se*.'" *Grant v. Sheriff of Okeechobee Cnty*., No. 22-11820, 2023 WL 2416262, at *4

(11th Cir. Mar. 9, 2023) (unpublished opinion) (quoting *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132–33 (11th Cir. 2019)).

B.      Motion for Leave to Amend the Complaint

A district court's discretion to deny leave to amend a complaint is "severely restricted" by Fed. R. Civ. P. 15(a), which stresses that courts should freely give leave to amend "when justice so requires." *Woldeab*, 885 F.3d at 1291 (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)). The policy of liberally favoring amendment exists to facilitate determination of claims on their merits, rather than allowing litigation to become a survival exercise in the technical points of pleading. *Davis v. Delta Air Lines, Inc.*, No. 18-25361-CIV, 2019 WL 13261027, at *2 (S.D. Fla. May 30, 2019) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. November 5, 1981)[3]; *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Despite Rule 15(a)'s "mandate" that leave to amend is to be freely given when justice requires, leave to amend may be denied for such reasons as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Additionally, defective allegations of jurisdiction generally "may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Yet, as when faced with other motions to amend, the court is not required to allow an opportunity to amend to cure a jurisdictional defect in the pleadings where the amendment would be futile. *Foman*, 371 U.S. at 182; *Crooked Creek Props., Inc. v. Ensley*, 660 F. App'x 719, 721 (11th Cir. 2016) (noting that, while defective allegations of jurisdiction may be amended pursuant to § 1653, courts may deny a motion to amend on the basis of futility, undue delay, bad faith, undue prejudice to the opposing party, etc.).

### III.    FACTS[4] AND PROCEDURAL HISTORY

On August 8, 2023, Plaintiff filed this action against Defendants Camron Ragland, Thomas Price, Mark Odom, Mizell Memorial Hospital, Inc., and James Norman. (Doc. No. 1.) She alleges that, on December 16, 2021, as she witnessed her nephew being arrested in Opp, Alabama, she was thrown to the ground by police, causing her serious injuries, including a broken left elbow, a fractured right knee, and profusely bleeding wounds with "the flesh ... hanging off." (Doc. No. 1 at 1-2; Doc. No. 1-1 at 2.) In retaliation for asking the officer in charge if he had a warrant, she was arrested on false charges of resisting arrest and obstruction of justice. (Doc. No. 1-1 at 2.) The arresting officer was indifferent to her medical need to go to the hospital to treat her injuries, as well as to her statements that she was a disabled veteran with PTSD. (*Id.*) At some point after her arrival at the police station,

---

[4] The facts alleged in the complaint are taken as true and are construed in the light most favorable to Plaintiff, as the court must do when considering a motion to dismiss. *Resnick*, 693 F.3d at 1321–22.

Plaintiff was taken to the emergency room at Mizell Memorial Hospital, where she was misdiagnosed with cuts and abrasions, which were never bandaged. (*Id*. at 2-3.) On December 17, 2021, she went back to the emergency room, where she was told that she had a left broken arm and torn tendons in her right knee. (*Id*.) Therefore, in construing Plaintiff's *pro se* Complaint, the court determines that Plaintiff seeks to bring § 1983 First and Fourteenth Amendment claims for violation of her freedom of speech and right to be free from excessive force, false arrest, and deliberate indifference to serious medical needs, as well as medical malpractice claims under Alabama state law.[5]

On September 13, 2023, Defendant James Norman, M.D., filed a motion to dismiss, arguing that Plaintiff's complaint was not pled with sufficient detail to state a claim against him under the Alabama Medical Liability Act. (Doc. No. 10.) *See* Ala. Code 1975 § 6-5-551 ("The plaintiff [in a medical malpractice action] shall include in the complaint ... a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts.").

On December 18, 2023, Defendant Mizell Memorial Hospital, Inc., filed a motion to dismiss, arguing that Plaintiff's complaint was not pled with sufficient detail to state a claim against it under the Federal Rules of Civil Procedure or the Alabama Medical Liability Act. (Doc. No. 13.)

---

[5] The Complaint may also include § 1983 claims alleging race-based violations of Plaintiff's right to equal protection and due process.

On September 25, 2023, Plaintiff filed a Response to Show Cause Order. (Doc. No 18.) In that document, she argued that Defendant Norman's motion to dismiss should not be granted. In so doing, she introduced numerous new factual allegations not only against Defendant Norman, but also pertaining to her other claims as well. (*E.g.*, Doc. No. 18 at 1-2 (explaining that Defendant Norman was the doctor who misdiagnosed her as merely having cuts and abrasions, and providing further details of her encounter with Defendant Norman); *id.* at 1 (explaining that she informed a police officer that, in addition to treatment for her physical injuries, she needed treatment for her PTSD, but the officer continued to drive her to the police station).)

On September 25, 2023, Plaintiff filed a document arguing that the case should not be dismissed against Defendant Cameron Ragland. (Doc. No. 19.) This document is a non sequitur, as Defendant Ragland has not appeared in this case to answer or otherwise respond to the Complaint.[6] In the document, Plaintiff adds additional facts regarding her alleged mistreatment at the hands of the Opp police. She does not, however, indicate what specific role, if any, Defendant Ragland played in the events that form the basis of her claims. It is apparent from the document that Plaintiff is attempting to augment the allegations in her Complaint.

On October 13, 2023, Defendant Norman filed a reply brief. (Doc. No. 22.)

The pending motions are adequately briefed and are ready for disposition.

---

[6] On September 29, 2023, the summons was returned unexecuted as to Defendants Mark Odom, Thomas Price, and Camron Ragland. (Doc. No. 21.) By separate Order entered June 10, 2024, the court has addressed the lack of service on these Defendants. (Doc. No. 23.)

## III.   DISCUSSION

A.   Plaintiff's Motions to Amend the Complaint (Docs. No. 18, 19.)

Plaintiff is *pro se*. She is not held to the same standards as attorneys in drafting pleadings. *Erickson*, 551 U.S. at 94. She is, however, held to the Rules of Civil Procedure, including Rule 8(a). *Municipality of Dothan v. Hammond*, No. 1:24-CV-289-ECM-JTA, 2024 WL 2378870, at *1 n.1 (M.D. Ala. May 22, 2024) ("[T]hough [s]he is *pro se*, [a litigant] is required to comply with court orders and the Federal Rules of Civil Procedure." (citing *Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013))).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to "contain ... a short and plain statement showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's factual allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). They also "must be [detailed] enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). The point of these requirements is to enable the opposing parties to understand and respond to the claims against them, and to allow the court to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted" so that the case can be efficiently resolved. *Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (internal citations omitted). Here, Plaintiff's Complaint fails to comply with Rule 8(a)'s pleading requirements to such an extent that it fails to fairly place Defendants on notice of the claims against each of them and the factual basis upon which each of those claims rests.

More specifically, Plaintiff's Complaint constitutes a "shotgun pleading" that does not comply with the Federal Rules of Civil Procedure.[7] It contains numerous factual allegations regarding a wide range of allegedly wrongful conduct, but it fails to specify which factual allegations pertain to which claims against which of the Defendants in their individual and/or official capacities. Plaintiff fails to explain what specific act(s) each individual defendant allegedly did, in what capacity and when, that gave rise to each of her claims. *Cf. Weiland*, 792 F.3d at 1323 (noting that shotgun complaints include those that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions"). Attached to Plaintiff's Complaint is a letter from Plaintiff to "[W]hom This May Concern," which provides some factual context for Plaintiff's claims in a narrative fashion. (Doc. No. 1-1.) Upon review of the

---

[7] The Eleventh Circuit has defined shotgun pleadings as follows:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot— is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland*, 792 F.3d at 1323 (footnotes omitted).

10

letter and the Complaint, the court concludes that "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" against which Defendant. *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Plaintiff has attempted to augment the factual allegations of her Complaint in her Response to Show Cause Order (Doc. No 18), as well as in her Opposition to Dismissal re: Cameron Ragland (Doc. No. 19). Plaintiff cannot amend her Complaint via a response or other brief. *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss." (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)). "[T]he proper method to request leave to amend is through filing a motion, and such motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Id.*; *see also* Fed. R. Civ. P. 15(a)(2) (providing that, except as provided in Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

Plaintiff has not complied with the technical requirements for moving to amend. Notwithstanding, considering the posture of the case, Plaintiff's *pro se* status, and the reasons set forth below, the court will construe her Response to Show Cause Order (Doc. No 18) and her Opposition to Dismissal re: Cameron Ragland (Doc. No. 19) as motions to amend, and the court will grant those motions. First, prior to dismissal of a *pro se* complaint with prejudice for failure to state a claim upon which relief should be granted, the court

ordinarily must provide an opportunity to amend, even in the absence of a motion for leave to do so. *See Woldeab*, 885 F.3d at 1291. Second, where the parties have not moved for a more definite statement, the court has an obligation to *sua sponte* ensure that the case does not proceed on a shotgun complaint. *Sullivan v. Prattville Health & Rehab., LLC*, No. 3:22-cv-702-RAH-JTA, 2024 WL 2755683, at *3 n.4 (M.D. Ala. May 29, 2024) (Order and Recommendation of the Magistrate Judge) (collecting cases). Third, Plaintiff clearly desires to supplement the allegations in her pleadings, there is no reason at this stage to presume that such an amendment could not state a claim upon which relief could be granted, and there is no other apparent basis to deny leave to amend, which ordinarily should be "freely given." *See id.* (explaining that, where a *pro se* plaintiff does not expressly move to amend, the court must provide at least one opportunity to amend unless "either (1) the district court has a clear indication that the plaintiff does not want to amend h[er] complaint, or (2) a more carefully drafted complaint could not state a claim." (citation and internal quotation marks omitted)); *see also Foman*, 371 U.S. at 182 (explaining that, despite the mandate that leave to amend is to be freely given when justice requires, leave may be denied for such reasons as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."). Fourth, the policy of liberally favoring amendment exists to facilitate the judicial preference for determining claims on their merits, rather than allowing litigation to become a survival exercise in the technical points of pleading. *Davis*, 2019 WL 13261027, at *2. Fifth, ordering amendment now, rather than requiring Plaintiff to file

a motion to amend, would facilitate judicial efficiency by eliminating the formality of a motion that, in light of the factors previously cited in this paragraph, must be granted.

Accordingly, Plaintiff's Response to Show Cause Order (Doc. No 18) and her Opposition to Dismissal re: Cameron Ragland (Doc. No. 19) are construed as containing motions to amend, which are due to be granted. Plaintiff will, therefore, be required to file an amended complaint that complies with the requirements of the Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Alabama, and the instructions in this Order and Recommendation.

C.    Defendants' Motions to Dismiss (Docs. No. 10, 13)

Although Plaintiff has not yet filed an amended complaint, she will either file one or face dismissal of this action. In any event, this case will not proceed on the original Complaint, which is an impermissible shotgun pleading. Accordingly, Defendants' motions to dismiss (Doc. No. 10, 13) are directed at the merits of an inoperative pleading and are due to be denied as moot without prejudice to raise the arguments therein in response to the amended complaint. *See Sullivan v. Prattville Health & Rehab., LLC.*, Case No. 3:22-cv-702-RAH-JTA, 2024 WL 1601217, at *5 (M.D. Ala. Feb. 16, 2024) (recommending denial of pending motions to dismiss in similar circumstances), *report and recommendation adopted*, 2024 WL 943453 (M.D. Ala. Mar. 5, 2024); *Geathers v. Bank of Am., N.A.*, No. 1:14-CV-00850, 2015 WL 348852, at *1 (N.D. Ga. Jan. 26, 2015) (adopting the recommendation of the magistrate judge to dismiss as moot a dispositive motion directed at a complaint that had been superseded by amendment); *see also Decker v. Jones*, No. 2:19-cv-759-WKW-JTA, 2022 WL 18715945, at *4 (M.D. Ala. Dec. 6, 2022)

("[T]he Eleventh Circuit has recognized the general rule of amendment, which mandates an amended complaint supersedes and replaces an original complaint unless the amendment specifically refers to or adopts the earlier pleading, applies to pleadings filed by *pro se* parties." (citing *Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (citing in turn *Pintando v. Miami-Dade Hous. Agency*, 501 F. 3d 1241, 1243 (11th Cir. 2007)))), *report and recommendation adopted sub nom. Decker v. Alabama Dep't of Corr.*, No. 2:19-cv-759-WKW, 2023 WL 1997707 (M.D. Ala. Feb. 14, 2023).

## V. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiff's Response to Show Cause Order (Doc. No 18) is CONSTRUED as containing a motion to amend the complaint, and the motion to amend is GRANTED.

2. Plaintiff's Opposition to Dismissal re: Cameron Ragland (Doc. No. 19) is CONSTRUED as containing a motion to amend the complaint, and the motion to amend is GRANTED.

3. **On or before July 10, 2024**, Plaintiff shall file an Amended Complaint that complies with the following requirements:

   a. The Amended Complaint shall comply with the Federal Rules of Civil Procedure, including Rule 8(a), Rule 8(d), Rule 10, and Rule 11.[8]

---

[8] The Federal Rules of Civil Procedure may be found on the court's website at https://www.almd.uscourts.gov/representing-yourself. They may also be found at https://www.almd.uscourts.gov/about/rules-orders-procedures. Although Rule 10 contemplates incorporation by reference, Plaintiff **shall not** incorporate or refer to factual averments, paragraph

  b.  The Amended Complaint shall not be a shotgun pleading.

  c.  The Amended Complaint shall comply with the Local Rules for the United States District Court for the Middle District of Alabama.[9]

  d.  The Amended Complaint shall be the full, complete, concise statement of Plaintiff(s) claims <u>without reference to, adoption of, or incorporation of any previous pleadings or filings</u>. *See* L.R. 15.1. The Amended Complaint shall supersede the Complaint that was previously filed in this case. *See Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc*., 65 F.4th 667, 676 (Fed. Cir. 2023) (stating that "an amended complaint supersedes the previous complaint," therefore "a district court, in considering an amended complaint, should not consider the now 'abandoned' original complaint and its attachments").

  e.  The Amended Complaint shall set forth a short and plain statement of the grounds for the court's jurisdiction over Plaintiff's federal and state law claims.

  f.  The Amended Complaint must set out in separately numbered paragraphs a short, plain statement of the facts on which Plaintiff

---

numbers, *etc*., in other pleadings or make any adoptions by reference to other filings or pleadings. *See* L.R. 15.1.

[9] The Local Rules for the United States District Court for the Middle District of Alabama can be found at https://www.almd.uscourts.gov/forms/almd-local-rules.

bases her claims. The Amended Complaint shall clearly set forth the relevant factual allegations, clearly indicate how the factual allegations support each legal claim, and specify exactly which claim(s) Plaintiff is asserting against which Defendant(s). To the extent possible, for each act of alleged unconstitutional, unlawful, or other wrongful conduct by Defendants, Plaintiff should include the date(s) of the alleged wrongful conduct, a description of the alleged wrongful conduct, the names of the Defendant(s) who allegedly engaged in that conduct, and the facts supporting her contention that wrongful conduct occurred.

g.      The Amended Complaint must set out Plaintiff's legal claims in separate counts, with one claim per count, **referencing the specific allegations of fact that support each legal claim**. Each claim founded on a separate transaction or occurrence  must be stated in a separate count. Fed. R. Civ. P. 10(b).

h.      Counts asserted against fewer than all Defendants shall not be asserted against "Defendants" as an entire group. Rather, as to each separate legal claim, Plaintiff shall expressly name which Defendants are allegedly liable to her with respect to that specific claim, and in what capacity. With respect to each count, the complaint must clearly and specifically identify each relevant Defendant's alleged acts or omissions in a manner sufficient for each Defendant to know how he

16

or she is alleged to be personally involved with the claim and the factual and legal grounds upon which he or she is alleged to be liable.

i.     The Amended Complaint shall state plainly the relief Plaintiff requests from the court.

j.     ***Plaintiff is advised that failure to file the Amended Complaint in compliance with the requirements of this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the court's orders.***

The Clerk of the Court is DIRECTED to correct the name for Defendant "Opp Mizell Mem Hosp." on the docket sheet to reflect that its correct name is Mizell Memorial Hospital, Inc.

Further, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that Defendant James Norman's Motion to Dismiss (Doc. No. 10) and Defendant Mizell Memorial Hospital, Inc.'s Motion to Dismiss (Doc. No. 13) be DENIED as moot without prejudice to raise the arguments therein in opposition to an amended complaint.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **June 26, 2024**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a

17

party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

 DONE this 11th day of June, 2024.


             _____
             JERUSHA T. ADAMS
             UNITED STATES MAGISTRATE JUDGE