IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REBECCA Y. MCINTOSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:23-cv-470-RAH-JTA |
| | ) |
| CAMRON RAGLAND, THOMAS | ) (WO) |
| PRICE, MARK ODOM, MIZELL | ) |
| MEMORIAL HOSPITAL, INC., and | ) |
| JAMES NORMAN, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On June 10, 2024, the court ordered *pro se* Plaintiff Rebecca Y. McIntosh to show cause in writing, on or before June 24, 2024, why her claims against Defendants Mark Odom, Thomas Price, and Camron Ragland should not be dismissed for lack of prosecution because she had not served those Defendants by the deadline set forth in Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. No. 23.) Plaintiff has not complied with the June 20, 2024 Order to show cause.

On June 11, 2024, the court ordered Plaintiff to file an amended complaint on or before July 10, 2024.[1] (Doc. No. 24.) The court provided Plaintiff with the following warning:

---

[1] Also on June 11, 2024, the court ordered that, on or before June 22, 2024, Plaintiff was to complete the Pro Se Assistance Information Sheet and Declaration of the Pro Se Party to Participate form, which are available at the Office for the Clerk of the Court and the court's website. (Doc. No. 25.) The court stated that it "ha[d] determined that this cause is due to be referred to the court's Pro Se Assistance Program ('PSAP')." (*Id*. at 1.) Plaintiff did not complete

1

> ***Plaintiff is advised that failure to file the Amended Complaint in compliance with the requirements of this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the court's orders.***

(Doc. No. 24 at 17 (emphasis in original).)

To date, Plaintiff has not filed an amended complaint.

On July 15, 2024, the copy of the June 10, 2024 Order to show cause that had been sent by certified mail[2] was returned as undeliverable. (Doc. No. 27.)

As previously noted in the June 11, 2024 Order and Recommendation requiring Plaintiff to amend, "'though [s]he is pro se, [a litigant] is required to comply with court orders and the Federal Rules of Civil Procedure.'" (Doc. No. 24 at 9 (quoting *Municipality of Dothan v. Hammond*, No. 1:24-CV-289-ECM-JTA, 2024 WL 2378870, at *1 n.1 (M.D. Ala. May 22, 2024) (citing *Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013))).

Furthermore, this is Plaintiff's case, and it is Plaintiff's responsibility to maintain a correct mailing address on file with the court, comply with court orders and the Rules of Civil Procedure,[3] and stay informed of the status of this case. *Smith v. Adrian*, No. 2:23-

---

the forms. By not completing the forms as ordered, Plaintiff failed to avail herself of the opportunity for an attorney to assist her in amending her complaint at no charge. The court will not impose further consequences for her failure to complete the forms. The failure to complete the forms is noted here only to point out that Plaintiff was offered assistance in complying with the court's orders and to note the pattern of failure to comply with court orders and failure to prosecute.

[2] The Docket Sheet reflects that the Clerk of the Court sent the June 10, 2024 Order to show cause by certified mail and by regular mail. Only the certified mail copy was returned as undeliverable. (Doc. No. 27.)

[3] The Federal Rules of Civil Procedure may be found on the court's website at https://www.almd.uscourts.gov/representing-yourself. They may also be found at https://www.almd.uscourts.gov/about/rules-orders-procedures.

CV-190-RAH-JTA, 2023 WL 8608786, at *6 (M.D. Ala. Oct. 20, 2023), *report and recommendation adopted*, No. 2:23-CV-190-RAH, 2023 WL 8606748 (M.D. Ala. Dec. 12, 2023). Therefore, Plaintiff must <u>immediately</u> inform the Court of any change in Plaintiff's mailing address. Notice to the Court shall be <u>filed, in writing, not later than ten days following any change of mailing address</u>, and served on counsel for all other parties and on all other unrepresented parties. If Plaintiff does not keep a current mailing address on file with the Clerk of Court, Plaintiff may fail to receive important notices and court orders with which Plaintiff must comply to avoid dismissal of this case. Failure to comply with an order <u>will not be excused</u> if the failure to comply is due to Plaintiff's own failure to timely file a notice of change of mailing address. ***Failure to timely file written notice of change of mailing address may result in dismissal of this case for failure to prosecute and failure to comply with court orders.***

Accordingly, it is ORDERED as follows:

1. **On or before August 9, 2024,** Plaintiff shall **show cause**, in writing, why this case should not be dismissed, with or without prejudice, for failure to prosecute, failure to comply with the June 10, 2024 Order to show cause (Doc. No. 23), and failure to file an amended complaint in accordance with the June 11, 2024 Order and Recommendation of the Magistrate Judge (Doc. No. 24).

2. **On or before August 9, 2024**, Plaintiff shall file a written notice of her current mailing address.

3

*Plaintiff is advised that failure to file comply with this Order may constitute grounds for dismissal with or without prejudice for failure to prosecute this case and for failure to comply with the court's orders.*

DONE this 22nd day of July, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE