IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REBECCA Y. MCINTOSH, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CASE NO. 2:23-cv-470-RAH-JTA |
| CAMRON RAGLAND, *et al.*, | ) ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case was filed by Plaintiff Rebecca Y. McIntosh, proceeding *pro se*. (Doc. No. 1.) Plaintiff appears to allege the defendants violated her civil rights. Pursuant to 28 U.S.C. § 636, the court referred this case to the undersigned Magistrate Judge for further proceedings and determination or recommendation as may be appropriate. (Doc. No. 4.)

For the reasons stated below, the undersigned recommends that this action be dismissed without prejudice.

**I.     JURISDICTION**

Plaintiff's complaint appears to allege claims pursuant to 42 U.S.C. § 1983 for violation of her constitutional rights. Pursuant to 28 U.S.C. § 1331, the court exercises federal question subject matter jurisdiction over Plaintiff's § 1983 claims. In addition,

1

Plaintiff brings state law claims for medical malpractice. The court has jurisdiction over Plaintiff's state law claims pursuant to either 28 U.S.C. § 1332 or 28 U.S.C § 1367(a).[1]

## II.   DISCUSSION

On August 8, 2023, Plaintiff filed a Complaint against Defendants Camron Ragland, Thomas Price, Mark Odom, Mizell Memorial Hospital, Inc., and James Norman. (Doc. No. 1.) On August 21, 2023, the Clerk of Court issued summonses to all Defendants. (Doc. No. 6.) On September 13, 2023, Defendant Norman filed a motion to dismiss. (Doc. No. 10.) Following this motion, the Court ordered Plaintiff to show cause as to why the motion should not be granted. (Doc. No. 12.) On September 18, 2023, Defendant Mizell Memorial Hospital, Inc. filed a separate motion to dismiss. (Doc. No. 13.) This Court ordered Plaintiff to show cause as to why that motion should not be granted. (Doc. No. 16.) On September 25, 2023, Plaintiff filed responses to both motions to dismiss.[2] (Docs. No. 18, 19.)

On September 29, 2023, the summonses for Defendants Mark Odom, Thomas Price, and Camron Ragland were returned undelivered, and the Clerk of Court notified Plaintiff of the deficient service. (Doc. No. 21.) In June 2024, the Court ordered Plaintiff to show cause, on or before June 24, 2024, why her claims against Defendants Odom, Price, and Ragland should not be dismissed for failure to prosecute because she had not served those

---

[1] The parties appear likely to be completely diverse, but the allegations in the Complaint do not definitively establish whether Plaintiff seeks damages in excess of $75,000 as would be required for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(a).

[2] That was the last time Plaintiff filed anything with the Court. (*See* Docket Sheet.)

Defendants by the deadline set forth in Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. No. 23.) Plaintiff did not respond.

Then, on June 11, 2024, the Court ordered Plaintiff to file an amended complaint on or before July 10, 2024.[3] (Doc. No. 24.) The court provided Plaintiff with the following warning:

> ***Plaintiff is advised that failure to file the Amended Complaint in compliance with the requirements of this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the court's orders.***

(Doc. No. 24 at 17 (emphasis in original).) To date, Plaintiff has not filed an amended complaint.

On July 22, 2024, the Court ordered Plaintiff to show cause, on or before August 9, 2024, why this case should not be dismissed for failure to prosecute, failure to comply with the June 10, 2024 Order to show cause, and failure to file an amended complaint in accordance with the June 11, 2024 Order and Recommendation of the Magistrate Judge. (Doc. No. 28.) Plaintiff was once again given a warning:

> ***Plaintiff is advised that failure to comply with this Order may constitute grounds for dismissal with or without prejudice for failure to prosecute this case and for failure to comply with the court's orders.***

---

[3] Also on June 11, 2024, the Court ordered that, on or before June 22, 2024, Plaintiff was to complete the Pro Se Assistance Information Sheet and Declaration of the Pro Se Party to Participate form, which are available at the Office for the Clerk of the Court and the court's website. (Doc. No. 25.) The Court stated that it "ha[d] determined that this cause is due to be referred to the court's Pro Se Assistance Program ('PSAP')." (*Id*. at 1.) Plaintiff did not complete the forms. By not completing the forms as ordered, Plaintiff failed to avail herself of the opportunity for an attorney to assist her in amending her complaint at no charge. The court will not impose further consequences for her failure to complete the forms. The failure to complete the forms is noted here only to point out that Plaintiff was offered assistance in complying with the court's orders and to note the pattern of failure to comply with court orders and failure to prosecute.

(Doc. No. 28 at 4 (emphasis in original).) Plaintiff did not respond.

Because Plaintiff has failed to comply with the court's orders and failed to prosecute this case, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Plaintiff has failed to comply despite the court's clear admonition, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

### III.   CONCLUSION

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that **on or before September 18, 2024,** the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. The parties are advised that frivolous, conclusive, or general objections to the Recommendation

will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of September, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE